UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-cv-1290 AC P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER DANIEL MORLAN, et al., | |
| Defendants. | |

Plaintiff filed this action while a county inmate and is currently a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 5.

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff's Allegations

Plaintiff names Sacramento Police Officer Daniel Morlan, the Sacramento Police Department and Sacramento County as defendants in the caption of his case. He does not, however, identify any defendant by name within the body of his complaint. Plaintiff's factual allegations are, in their entirety, as follows:

> [T]he police officer raced and summoned the bill clerk at Sacramento County Main Jail ones [sic] he heard I would be cited out. He stated do not let him out tonite [sic] derogatory remarks of my religious beliefs, then racial slurs, misdemeanor plus million dollar bail. Also fabricating evidence, [illegible].

Complaint, ECF No. 1, at 1.

By way of relief plaintiff asks that the court "get his records, examine him thoroughly, watch video …." Plaintiff asks to be "relieved from all of California law enforcement agencie[s]" and for "psychiatric help" although it is unclear whether he asks for such help for himself or for the officer. He appears to be claiming that the officer exhibits personal prejudices and exercises unwarranted authority by way of "influencing the bails [sic]" of plaintiff and others. Id.

Rule 8 Pleading Requirements

"Under the liberal rules of pleading, a plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). All that is required is that the plaintiff give "fair notice" of the claim and its basis. Conley v. Gibson, 355 U.S. 41, 47 [] (1957)."[1] Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004), as amended (Oct. 18, 2004). Here, plaintiff's allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure. It is not possible to determine the basis of the claim(s) from the complaint, or to identify what acts of each of the three named defendants allegedly violated plaintiff's rights.

---

[1] Conley was abrogated on another ground by Bell Atlantic Corp. v. Twombly, 550 U.S. 544.

3

1  Moreover, plaintiff's statement that he wishes "to be relieved from all of California
2  agencie[s]" does not specify any particular remedy, and suggests that petitioner seeks forms of
3  relief that are unavailable in an action under § 1983.  If plaintiff seeks to challenge his criminal
4  conviction or prison sentence, he must proceed pursuant to a petition for writ of habeas corpus
5  under 28 U.S.C. § 2254.

6  <u>Failure to State a Claim</u>

7  To the extent that plaintiff intends to implicate defendant Officer Morlan for making
8  "derogatory remarks," plaintiff is informed that "verbal harassment or abuse ... is not sufficient to
9  state a constitutional deprivation under 42 U.S.C. § 1983." <u>Oltarzewski v. Ruggiero</u>, 830 F.2d
10 136, 139 (9th Cir. 1987) (internal quotation marks and citations omitted).  Even threats of bodily
11 injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing
12 the act itself.  See <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

13 Section 1983 requires that there be an actual connection or link between the actions of the
14 defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v.</u>
15 <u>Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A
16 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
17 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
18 an act which he is legally required to do that causes the deprivation of which complaint is
19 made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

20 Plaintiff's allegations regarding derogatory language suggest that he may be attempting to
21 allege unconstitutional racial or religious discrimination.  A claim based on violation of the right
22 to equal protection under the Fourteenth Amendment requires more than general allegations that a
23 defendant mocked plaintiff's religious beliefs or used racial slurs.

24 *Equal Protection*

25 "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall
26 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a
27 direction that all persons similarly situated should be treated alike." <u>Lee v. City of Los Angeles</u>,
28 250 F.3d 668, 686 (9th Cir. 2001) (quoting <u>City of Cleburne v. Cleburne Living Ctr</u>., 473 U.S.

4

432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted), cert. denied, 525 U.S. 1154 (1999)). Plaintiff's scanty allegation falls short of such a showing. Plaintiff fails to allege facts clearly showing he is a member of a protected class, fails to show that defendant Morlan treated him differently that similarly situated inmates, and does not provide a factual predicate demonstrating an intent to discriminate against plaintiff. Plaintiff's claims against defendant Morlan will be dismissed, but plaintiff will be granted leave to amend.

As to defendants Sacramento Police Department and Sacramento County, plaintiff alleges no facts that would implicate them in any equal protection violation. These defendants will be dismissed, but plaintiff will be granted leave to amend.

*Municipal Liability and Respondeat Superior*

Municipalities and other local government units are among those persons to whom 42 U.S.C. § 1983 applies. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978). However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. See, e.g., Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997). Because vicarious liability is inapplicable to suits brought under 42 U.S.C. § 1983, a plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. at 676. A plaintiff who seeks to impose liability on local governments under § 1983 must prove that "action pursuant to municipal policy" caused the plaintiffs' injury. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. Id.

In limited circumstances, a local government's decision not to train certain employees

about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for the purposes of § 1983. Id. To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of the persons with whom the untrained employees come into contact. Id.

As previously noted, plaintiff has alleged no facts linking the Sacramento Police Department or Sacramento County to any violation of his rights. Plaintiff's complaint will be dismissed with leave to amend. See 42 U.S.C. § 1997e(c).

Amendment

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Request for Appointment of Counsel

Plaintiff has requested appointment of counsel. The United States Supreme Court has

ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court does not find the necessary exceptional circumstances in this case at this time. Accordingly, the request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

////

////

////

1      4. Plaintiff's request for the appointment of counsel, ECF No. 7, is denied.

2  DATED: October 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE